PAVY, Judge.
Defendant-husband appeals a $250-per-month permanent alimony award in favor of his wife and contained in a judgment of divorce dated October IS, 1975. In 1973, the parties had been judicially separated and entered into a partition of their community property.
Appellant challenges the allowance of any alimony at all on the three grounds. First, he contends that, in the community settlement, the wife waived her rights to the husband’s pension, that the pension is the only asset he has left and that to allow her to claim alimony because of the pension and/or to execute on same would be contrary to the settlement agreement. Although, there was a written settlement agreement, it was not put in evidence. Both parties testified vaguely to the effect that the settlement agreement contained a relinquishment by the wife of her interest in the husband’s pension. Neither testified that the waiver in any way affected the wife’s alimony rights. We think it was incumbent on the husband to clearly show the parties’ intention. Without such clear showing, we cannot give the agreement such effect. Counsel argues that the waiver should be so construed to render it effective because, due to the husband’s slated retirement, the pension will be his only income and by claiming alimony the wife will in effect gain an interest in the pension. The wife’s alimony rights and her community interest rights are separate and distinct consequences of the marital relationship. There is much interplay between these rights and they can affect each other in various ways. However, we know of no authority to the effect that the relinquishments by the wife of her interest in a community asset bars her from using that asset or its revenue as a basis to determine the amount of alimony or to execute on such asset in the event alimony is in arrears. We see nothing inconsistent between the wife relinquishing a community asset and claiming alimony though the claim for alimony may touch upon or affect the relinquished asset.
Next, appellant claims there was an agreement at the time of the judicial separation that the alimony would terminate after one year. The wife had no recollection of this. The husband did not testify to it. A daughter-in-law said she heard some discussion that the alimony was on a one-year basis. Attorneys for both parties distinctly denied that there was any such agreement. Apparently, the daughter-in-law understood nothing more than a discussion regarding the change from pen-dente lite to permanent alimony at the contemplated divorce one year later. We think the appellant’s proof fails on this issue.
Counsel further contends that alimony should not be granted because the wife has sufficient means for her maintenance as provided by Civil Code Article 160. In the property settlement, the wife was granted the home, its furnishings and an old-model car. Counsel for the husband claims she sold the home for $24,500 and purchased another one for $5,000 so that she is possessed of liquid assets of $19,500 and this amount constitutes sufficient means for her maintenance. The record contains an act of cash sale by the wife of the home property for the sum of $24,500 *503 and a sale to her of a lot of ground for $5,000. The deeds were simultaneously executed before the same notary, with common witnesses and appear to be part of one transaction. The wife, of very limited education, explained that the community home was in disrepair and that she swapped it for a lot and an agreement to build a house on the lot. She denied receiving any cash out of the transaction. Other than the formal recitals in the deed, there was no contradiction of her explanation. It is plausible. The trial judge apparently believed her. He did not consider that she had sufficient means for her maintenance. We are satisfied that the trial judge did not commit manifest error in holding that the wife did not have sufficient means for her maintenance. Besides the home, the wife has the old car and the home furnishings both of which she needs. She erratically earns $20 to $30 per month as a babysitter. We cannot conclude that a wife with such meager income, no liquid assets and only a home with furnishings, which themselves are only a part of her maintenance, is possessed of such sufficient means as will bar her right to alimony.
Appellant challenges the amount of the award as excessive. The husband had been making over $1,000 a month but testified that he was unable to be on the road any longer and that his salary had substantially decreased. He offered some check stubs showing a much less salary. However, earnings for nine months prior to the trial did not reflect the great change claimed by him. These show that he earned over $11,000 for the first nine months of 1975. With ample basis, the trial court found he was making at least $800 per month. The husband’s list of living expenses totalled $811 of which $158 was for payment of a note for a trailer in which he was living with a friend but in which he had no interest. • The wife’s list of expenses totalled $326. They are modest and in line. The $250 award was well within the range of reasonableness and we will not disturb it.
Lastly, appellant claims that, at the time of brief and oral argument, he had retired on a substantially reduced income and the alimony set in October, 1975, should be reduced. We are unable to make such a ruling. The record before us only shows that, according to his testimony at the hearing, he was slated to retire in March, 1976. This court has no original jurisdiction and cannot accept evidence and we must disregard counsel’s statement however sincere it might be. Further, the proper procedure for appellant is to ask fop a reduction based on change of circumstances by proceedings in the lower court. That remedy remains with him. Neither the trial court’s judgment nor this court’s affirmance of it will foreclose reconsideration of the amount because of changed circumstances occurring subsequent to the date of the hearing in the trial court.
For reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.